UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION
CASE NO. 04-61061-CIV-COOKE/BROWN

JAMES M. CAPONE, and
ELLASANDRA D. CAPONE,
a minor, by and through her father,
JAMES M. CAPONE
    Plaintiffs,

vs.

RUFFIN'S CRYSTAL PALACE HOTEL
CORPORATION, LTD., a Bahamian
Limited Liability Company D/B/A
THE WYNDHAM NASSAU RESORT
and CRYSTAL PALACE CASINO
    Defendant.
_____/

## FINAL ORDER ON PLAINTIFF'S MOTION TO APPROVE STRUCTURED SETTLEMENT IN FAVOR OF MINOR CHILD

This matter is before me on Plaintiff's Motion to Approve Structured Settlement in Favor of Minor Child [D.E. 273] and Plaintiffs' Notice of Filing Affidavit of Cassandra Carollo Acknowledging No Objection to Preliminary Order on Plaintiff's Motion to Approve Structured Settlement in Favor of Minor Child [D.E. 277]. The Motion to Approve Structured Settlement in Favor of Minor Child [D.E. 273] is granted as explained below.

### *I. BACKGROUND*

On April 4, 2004, James M. Capone suffered a quadriplegic injury at the Bahamian Defendant's resort. Mr. Capone has a daughter that was born on March 16, 2001. She is currently six years old. She was not present in the Bahamas when her father sustained his

injury and did not sustain an independent injury of her own. In Mr. Capone's Complaint, he included a derivative claim for his daughter based on § 768.0415, Fla. Stat. The statute allows an unmarried dependent of a natural parent who has suffered a permanent total disability as a result of someone else's negligence to sue that person for damages for permanent loss of services, comfort, companionship, and society.

Prior to Mr. Capone's injury, he paid $1,068.05 per month in child support and provided health insurance for the child. After his injury, Mr. Capone filed a Motion to Modify Child Support in the Court of Common Pleas for Cuyahoga County, Ohio. The Motion was granted and Mr. Capone's child support was modified to $900.00 per month paid by Social Security, plus annual Social Security increases, until she reaches eighteen years of age. The minor child is still covered under her father's health insurance with AETNA. Therefore, the minor child continues to receive similar financial support from her father following his injury.

## II. ANALYSIS

Assuming the child's derivative claim was allowed to proceed and Plaintiff prevailed on his negligence claim, the award for past and future loss of support would likely have been the present money value of the $168.05 per month difference between what Mr. Capone paid in child support before his accident and what he now pays. The $168.05 payment per month over the course of fourteen years comes out to $28,232.40. The approximate present money value of that sum is $21,686.00.

Mr. Capone has agreed to settle his daughter's claim for $50,000.00, from which no

attorneys fees or costs shall be assessed, to provide for his daughter beyond her eighteenth birthday. In this regard, he intends to authorize the Defendant to fund a tax-free annuity for his daughter with $50,000.00 of the settlement proceeds that will pay her $17,615.66 beginning on her eighteenth birthday and on each of the following dates: 3/16/2019; 3/16/2021; 3/16/2023; 3/16/2025; 3/16/2027; 3/16/2029; and 3/16/2031. This amount will total $123,310.00 and is tax free. This is in addition to the $900.00 support the minor child will receive until she turns eighteen. The minor child will, therefore, receive 100% of her economic damages, plus in excess of $100,000.00 for loss of society and comfort.

I find this settlement to be fair and reasonable. However, because Mr. Capone is not currently the minor child's custodial parent, I preliminarily approved the settlement agreement on the condition that the child's mother be served with the preliminary Order. The child's mother, Cassandra Carollo, has since filed an affidavit stating that she does not object to the structured settlement negotiated by Mr. Capone on their daughter's behalf. I, therefore, approve the settlement of Ellasandra D. Capone's claims. This Order is without prejudice, however, to any child support modifications that the Court of Common Please for Cuyahoga County, Ohio, might enter at a later date.

### III. CONCLUSION

Accordingly, I order as follows:

1. Mr. Capone's Motion to Approve Structured Settlement in Favor of Minor Child [D.E. 273] is **GRANTED**.

2. Mr. Capone is authorized to execute the necessary "Settlement Documents"

authorizing Defendant to pay $50,000.00 to fund and establish a "Period Certain Annuity" that shall pay Ellasandra D. Capone $17,615.66 on her eighteenth birthday and, thereafter, $17,615.66 on 3/16/2021, 3/16/2023, 3/16/2025, 3/16/2027, 3/16/2029, and 3/16/2031.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of December 2007.

_____
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Stephen T. Brown*
*All counsel of record*